**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

NEWLEAF DESIGNS, LLC,

Plaintiff,

v.

BESTBINS CORPORATION,

Defendant.

Civil No. 01-396 (JRT/SRN)

**ORDER**

---

Michael S. Ryan, MURNANE, CONLIN, WHITE AND BRANDT, P.A., 1800 U.S. Bancorp Piper Jaffray Plaza, 444 Cedar Street, St. Paul, MN 55101 and Mark A. Losey, ARTER & HADDEN, LLP, 10 West Broad Street, Suite 2100, Columbus, OH 43215, for plaintiff.

Eric Braaten and Charles Hollenhorst, NICKLAUS BRAATEN & HOLLENHORST, 500 Pine Street North, Suite 200, Chaska, MN, 55318, for defendant.

Plaintiff brings this lawsuit against defendant asserting federal trademark claims pursuant to 15 U.S.C. § 1125, a state theft of trade secret claim pursuant to Minn. Stat. § 325C.01, and a common law claim for conversion of corporate opportunities. Plaintiff has filed a motion for a preliminary injunction seeking, among other things, to enjoin defendant from using in any manner all of plaintiff's trade secrets, business plans, customer lists, product improvement designs, marketing intelligence and other properties or assets of plaintiff. The matter is now before the Court on plaintiff's motion for

FILED MAR 1 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

expedited discovery. The Court has carefully considered the submissions of the parties and for the reasons set forth below denies plaintiff's motion.

Plaintiff seeks to enjoin defendant's acquisition, disclosure and use of its trade secrets. The Court has scheduled a hearing on plaintiff's motion for a preliminary injunction for March 29, 2001. Plaintiff claims that expedited discovery is necessary so that it may obtain the requisite information to address the merits of the case at the March 29 hearing. Defendant objects to plaintiff's request for expedited discovery arguing that there is insufficient time to conduct appropriate discovery prior to the hearing. Defendant also argues that expedited discovery is unnecessary because the information sought by plaintiff will be provided in defendant's response to plaintiff's moving papers.

The Court concludes that expedited discovery is unnecessary at this stage of the proceedings. The more reasoned approach is to permit defendant to respond to plaintiff's moving papers by March 19, 2001, without contemporaneously requiring defendant to respond to significant discovery. The Court assumes that defendant's responsive memorandum, affidavits, and exhibits will include much of the information plaintiff seeks to obtain through expedited discovery. If, after defendant's response, plaintiff still believes that expedited discovery is necessary to adequately address the merits of the case during the March 29 hearing, plaintiff may renew its request for expedited discovery by submitting a letter to the Court explaining the discovery sought and the reasons such discovery is still necessary. In that event, defendant will be given one day in which to

respond to plaintiff's request with its own letter to the Court summarizing its position.[1] Accordingly, the Court denies plaintiff's motion for expedited discovery, but will permit plaintiff leave to renew its request for expedited discovery following defendant's response to plaintiff's motion for a preliminary injunction.

**ORDER**

Based on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion for expedited discovery is **DENIED** [Docket No. 7].

DATED: Mar. 13, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[1] If the Court were to eventually determine, after considering a renewed request, that expedited discovery was necessary for the preliminary injunction hearing, the Court would likely postpone the hearing to allow sufficient time for both parties to engage in limited discovery.