**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
THIRD DIVISION**

NEWLEAF DESIGNS, LLC,

Plaintiff,

v.

BESTBINS CORPORATION,

Defendant.

Court File No. 01-396 DSD/SRN

**STIPULATION AND PROTECTIVE ORDER**

THE PARTIES HEREBY AGREE TO THE FOLLOWING:

1. The parties shall permit the inspection by the other party and/or their attorneys of certain documents and things which contain or comprise "RESTRICTED MATERIAL" in accordance with the provisions of this Stipulation and Protective Order. As used herein the term "RESTRICTED MATERIAL" refers to proprietary, business and/or technical information and/or trade secret information, in the form of documents and/or things, which has been designated "CONFIDENTIAL."

2. If, during the course of discovery in this action, any party, or its representatives, are authorized or required to inspect another party's facilities, processes or articles of manufacture which are not publicly available, such inspection shall be deemed "RESTRICTED MATERIAL" subject to the provisions of this Order.

3. A party may designate any "RESTRICTED MATERIAL" hereafter produced by any party, or by third parties, as "CONFIDENTIAL" by stamping or otherwise applying the "CONFIDENTIAL" designation on the document or thing or copy thereof and shall not be used in any way outside this litigation.

FILED MAR 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

4. Any "RESTRICTED MATERIAL" designated "CONFIDENTIAL" (as well as the material and/or data contained therein) shall remain "CONFIDENTIAL" and shall be used solely for the purpose of this litigation, and no party or its attorneys shall in any manner, directly or indirectly, transfer or disclose any other party's "RESTRICTED MATERIAL" designated as "CONFIDENTIAL" or copies thereof or communicate orally or in writing any of the material and/or data contained therein to any person other than those specified in Paragraph 5 (below).

5. With respect to any "RESTRICTED MATERIAL" designated "CONFIDENTIAL," access shall be limited to:

(a) the Court and its officers;

(b) the attorneys for the parties (including their office associates, legal assistants and stenographic and clerical employees);

(c) Robert Groenevelt, Eric Rivkin;

(d) John Williams, Jill Campbell, Kyle McDonough and Patrick Reynolds, but only as to materials to which they had access while employed by NewLeaf Designs, Inc.; and

(e) outside independent persons (i.e., persons not an employee of any party) who shall subject themselves to the jurisdiction of the Court, as are retained by each party or their attorneys, to furnish technical or expert services and/or give testimony with respect to the subject matter thereof for trial of this action, including one employee of Colt Tool & Die designated by Defendant.

6. Each outside independent person designated to receive "RESTRICTED MATERIAL" pursuant to Paragraph 5(c) above shall execute a "WRITTEN ASSURANCE" in the form attached hereto as Exhibit A. Opposing counsel shall be notified at least five (5) days prior to disclosure to any outside independent person of any "RESTRICTED MATERIAL." Such notice shall include a reasonable description of such person sufficient to permit objection to be made. If a party objects in writing to such disclosure within five (5) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. Control, retention and distribution of all "RESTRICTED MATERIAL" shall be the responsibility of the counsel of record or their designated agent receiving same.

8. All depositions or portions thereof taken in this matter may be declared to be "RESTRICTED MATERIAL" and designated "CONFIDENTIAL" by either party taking or defending a deposition, and shall be sealed and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified herein. Confidentiality designations for depositions or portions thereof shall be made either on the record or by written notice to the other party to the deposition within thirty (30) days of receipt of transcript of the deposition. Each deposition shall be treated in its entirety as "RESTRICTED MATERIAL" and "CONFIDENTIAL" during the thirty-day period following receipt of the transcript of such deposition.

9. The deposition of any witness (or any segment thereof) which contains "RESTRICTED MATERIAL" will be taken only in the presence of attorneys for the parties, the court or stenographic reporter, and persons who have signed a "WRITTEN ASSURANCE" or are qualified to have access to "RESTRICTED MATERIAL" in accordance with Paragraphs 5 through 8 inclusive herein.

10. If a party intends to present any testimony or exhibits or use or refer to other materials or information designated as "RESTRICTED MATERIAL" at trial or hearing, such party shall so notify opposing counsel and the Court prior to the hearing or trial and make suitable arrangements for the protection of "RESTRICTED MATERIAL" with the Court.

11. Within thirty (30) days of the termination of this litigation, each party shall return to the opposing party all "RESTRICTED MATERIAL" so designated by the opposing party and all copies thereof and shall destroy all exhibits, extracts and/or data taken from such documents. A written certification shall be forwarded to the opposing party as to such return and destruction as contemplated herein within the 30-day period.

12. Any party herein may request in writing to the party having made the designation, a change in the designation of any "RESTRICTED MATERIAL" designated as "CONFIDENTIAL." Any such "RESTRICTED MATERIAL" so designated shall be treated as so designated until the change is completed. If the requested change in designation is not agreed to within five (5) days after receipt or written notice, the party seeking the change may move this Court for appropriate relief. The party asserting that an "RESTRICTED MATERIAL" should not be so designated or requesting modification of this Stipulation and Protective Order shall have the burden of proving that the information in question is not within the scope of protection afforded by Rule 26 (c)(7) of the Federal Rules of Civil Procedure.

13. The provisions of this Stipulation ad Protective Order shall also apply to answers to interrogatories which are designated as containing or comprising "RESTRICTED MATERIAL."

14. Any party for good cause shown may apply to the Court for a modification of this Stipulation and Protective Order.

15. Nothing in this Stipulation and Protective Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as may be appropriate.

16. Nothing in this Stipulation and Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, things, testimony or other materials as "RESTRICTED MATERIAL" or from seeking a ruling from the Court that any such "RESTRICTED MATERIAL" need not be so designated.

17. Nothing in this Stipulation and Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials designated as "RESTRICTED MATERIAL."

18. This Stipulation and Protective Order will survive the termination of this legal action and this Court will retain jurisdiction to enforce the terms of this Order following the termination of the litigation.

Dated: 3.12, 2001

MURNANE, CONLIN, WHITE & BRANDT
Professional Association

By Katherine E. Rom

Michael S. Ryan, #130643
Katherine E. Rom #279146
Attorneys for Plaintiff
1800 U.S. Bancorp Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 227-9411

Of Counsel:
James R. Eley
Mark A. Losey
Arter & Hadden LLP
One Columbus
10 West Broad Street, Suite 2100
Columbus, Ohio 43215-3422
(614) 221-3155

Dated: 3.12, 2001

NICKLAUS, BRAATEN & HOLLENHORST

By [signature]
Charles W. Hollenhorst
Eric J. Braaten
Attorneys for Defendant
500 Pine Street North, Suite 200
Chaska, MN 55318
(952) 448-4747

APPROVED:

Dated: 3/14, 2001.

BY THE COURT:

[signature]
John R. Tunheim
Judge of United States District Court

**EXHIBIT A**

**WRITTEN ASSURANCE**

__________________ declares that:

I reside at ___________________ in the City of ____________, County of ______________, State of ______________________;

I am currently employed by ______________________ located at ____________________________________________, and my current job title is _______________________________.

I have read and understood the terms of the Stipulation and Protective Order dated ______________ and of record in Civil Action No.____________ pending in the United States District Court, District of Minnesota.

I agree to comply with and be bound by the provisions of said Stipulation and Protective Order and to be subject to the jurisdiction of the United States District Court, District of Minnesota, for purposes of enforcing the terms thereof.

I will not divulge to persons other than those specifically authorized by said Stipulation and Protective Order, and will not copy or use, except solely for the purposes of that Civil Action and pursuant to the terms of the Order, any "RESTRICTED MATERIAL," or copies or extracts thereof, obtained pursuant to said Stipulation and Protective Order.

I submit myself to the jurisdiction of the United States District Court, District of Minnesota, for the purpose of enforcing, modifying or seeking other relief under the Protective Order.

During the pendency and after final termination of this legal action, I will hold in

confidence and not disclose any information designated as "RESTRICTED MATERIAL" to anyone not qualified under said Stipulation and Protective Order.

As soon as practical, but no later than twenty (20) days after final termination of this legal action, I will return to trial counsel, from whom I have received same, all "RESTRICTED MATERIAL" including, without limitation, all copies, excerpts, summaries, notes, digests, abstracts and indices related thereto, which have come into my possession, custody or control, and all documents and things, or copies thereof, which I have prepared relating thereto.

I realize that any violation of said Stipulation and Protective Order may subject me to sanctions by the Court, including punishment for civil contempt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _______________, _______.

__________________________________

State of ___________________)
) ss
County of _________________ )

Subscribed and sworn to before me
this ____ day of _____________, _______.

______________________________________
Notary Public

453569.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.