**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

NEWLEAF DESIGNS, LLC,

Plaintiff,

v.

BESTBINS CORPORATION,

Defendant.

Civil No. 01-396 (JRT/SRN)

**ORDER**

---

Michael S. Ryan, MURNANE, CONLIN, WHITE AND BRANDT, P.A., 1800 U.S. Bancorp Piper Jaffray Plaza, 444 Cedar Street, St. Paul, MN 55101 and Mark A. Losey, ARTER & HADDEN, LLP, 10 West Broad Street, Suite 2100, Columbus, OH 43215, for plaintiff.

Eric Braaten and Charles Hollenhorst, NICKLAUS BRAATEN & HOLLENHORST, 500 Pine Street North, Suite 200, Chaska, MN, 55318, for defendant.

Plaintiff brings this lawsuit against defendant asserting federal trademark claims pursuant to 15 U.S.C. § 1125, a state theft of trade secret claim pursuant to Minn. Stat. § 325C.01, and a common law claim for conversion of corporate opportunities. Plaintiff has filed a motion for a preliminary injunction seeking, among other things, to enjoin defendant from using in any manner all of plaintiff's trade secrets, business plans, customer lists, product improvement designs, marketing intelligence and other properties or assets of plaintiff. The matter is now before the Court on plaintiff's renewed request

FILED MAR 2 7 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

for expedited discovery. The Court has carefully considered the submissions of the parties and for the reasons set forth below denies plaintiff's request.

Plaintiff seeks to enjoin defendant's acquisition, disclosure and use of its trade secrets. The Court has scheduled a hearing on plaintiff's motion for a preliminary injunction for March 29, 2001. Plaintiff first outlined its request for expedited discovery on March 9, 2001, claiming that discovery was necessary to adequately address the merits of the case at the March 29 hearing. In an order dated March 13, 2001, the Court denied plaintiff's motion for expedited discovery, but provided plaintiff the opportunity to renew its request for expedited discovery following defendant's response to plaintiff's motion for a preliminary injunction. On March 22, 2001, in a letter to the Court, plaintiff renewed its request for expedited discovery, claiming that defendant's responsive papers did not include much of the information sought by plaintiff.

Having reviewed defendant's response to plaintiff's motion for a preliminary injunction, the Court concludes that expedited discovery is unnecessary prior to the March 29 hearing on this matter. The parties have submitted extensive written materials and exhibits in advance of the hearing. Those written materials, in addition to the anticipated oral argument of the parties at the hearing, are sufficient to allow the Court to render a decision on plaintiff's motion for a preliminary injunction. Expedited discovery is not necessary at this time and will serve only to delay the preliminary injunction hearing. Additionally, the Court notes that it does not need, nor will it permit, live testimony at the March 29 hearing on this matter. As such, the plaintiff's employees,

upon whom subpoenas have been served, will not be required to attend the hearing. Accordingly, the Court denies plaintiff's renewed request for expedited discovery.

**ORDER**

Based on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's letter request dated March 22, 2001, for expedited discovery is **DENIED**.

DATED: March 27, 2001
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge